DAVID E. MASTAGNI, State Bar No. 204224
WILL M. YAMADA, State Bar No. 226669
**MASTAGNI, HOLSTEDT & AMICK**
A Professional Corporation
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorney for Plaintiffs

DOROTHY S. LANDSBERG, State Bar No. 131181
ROBERT E. MURPHY, State Bar No. 40981
WILLIAM T. CHISUM, State Bar No. 142580
**KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD**
A Professional Corporation
400 Capitol Mall, 27th Floor
Sacramento, CA 95814-4416
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY ALBERT, ROGER KINNEY, ERIC PALMER, TOD SOCKMAN, DAVE STALLIONS, acting for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WEST SACRAMENTO,<br><br>Defendant. | CASE NO. 2:05-CV-00085-WBS-PAN<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND ORDER THEREON**<br><br>Date:       To Be Determined<br>Time:      To Be Determined<br>Location:  Courtroom No. 5<br>Before:    Honorable William S. Shubb |

///

///

///

802905.3

-1-

## **STIPULATION**

The parties to the above captioned action hereby stipulate as follows:

(a) Plaintiffs Geoffrey Albert, Roger Kinney, Eric Palmer, Tod Sockman and Dave Stallions (collectively "Plaintiffs") are presently employed as Police Officers by the Defendant City of West Sacramento ("City") and are, or have been, members of the City's Police Department's canine unit. Plaintiffs and the City shall be collectively referred to as "Parties" herein;

(b) Plaintiffs filed the above captioned action ("Action") on behalf of themselves and others similarly situated arising out of certain events that allegedly occurred during their employment as canine officers with the City;

(c) Plaintiffs' Complaint for Violation of the Fair Labor Standards Act ("Complaint"), as filed in the Action, alleges a violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)("FLSA") and seeks recovery of allegedly unpaid overtime hours, liquidated damages, attorneys fees and costs. The Court has jurisdiction over the subject matter of this action and over the parties;

(d) The City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto;

(e) The Court has not certified the Action as a class action nor has notice been sent to any potential class members providing them with the opportunity to either "opt-in" or "opt-out" of the Action;

(f) The Parties dispute both the applicability of the FLSA to the facts as alleged in the Complaint as well as the number of hours worked and the applicable level of compensation;

(g) The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters;

///

(h) The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement which all the Parties, upon consultation with counsel, believe provides for a fair, reasonable and just resolution of the Parties' dispute. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release Of All Claims ("Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein;

(i) Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of any reasonable result that Plaintiffs might expect to obtain after a trial;

(j) Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. *Id.* at 1353;

(k) The Parties to this action intend to present the Court with this Stipulation re Approval of Settlement Agreement and Dismissal With Prejudice and Order Thereon ("Stipulation and Order") through which they intend to finally resolve all claims asserted in this Action based upon the Settlement Agreement;

(l) By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the City's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule. This Stipulation and Order, and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order, should not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule by any Party.

///

802905.3

-3-

(m) The Parties jointly request that the Court find the settlement is fair, reasonable and just and therefore request that the Court approve of and enter the Stipulation and Order;

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1. The Settlement Agreement, which is incorporated herein by reference, is fair, reasonable and just in all respects as to the Plaintiffs, and the Court should therefore approve the Settlement Agreement and enter this Stipulation and Order;

2. The Court should expressly reserve jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

3. The award of and allocation of costs and attorneys fees should be as provided for in the Settlement Agreement.

4. Upon the Court's approval of the Settlement Agreement, this Action should be dismissed with prejudice.

Dated: October 6, 2005        **MASTAGNI, HOLSTEDT & AMICK**
                              A Professional Corporation

                              By /s/ David E. Mastagni (as authorized on 10/06/05)
                              Attorneys for Plaintiffs

Dated: October 6, 2005        **KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD**
                              A Professional Corporation

                              By /s/ William T. Chisum (as authorized on 10/06/05)
                              Attorneys for Defendant

## ORDER

The Court has carefully reviewed the Settlement Agreement and the proposed Stipulation and Order. Based upon a review of the record, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

1        2.    The Court expressly reserves jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

      3.    The award of and allocation of costs and attorneys fees shall be as provided for in the Settlement Agreement;

      4.    The Court has made no findings or determination regarding the City's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule;

      5.    This Action is hereby dismissed with prejudice.

Dated: 10/11/2005

_____
William B. Shubb
United States District Judge

802905.3        -5-